## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

ALBERT CURTIS MILLS,

    Plaintiff,

    v.

RICHARD RODERICK *et al.*,

    Defendants.

Civil Action: BAH-22-2452

## MEMORANDUM OPINION

On September 26, 2022, self-represented Plaintiff Albert Curtis Mills ("Mills") filed a civil rights Complaint pursuant to 42 U.S.C. § 1983, alleging that he was denied adequate time to shower in violation of his rights under the Eighth and Fourteenth Amendments, the Rehabilitation Act, 29 U.S.C. § 794 (2018), and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101–12213 (2018). ECF 1. Defendants Richard Roderick, O. Wayne Hill, Frank Bishop, Sandra Holmes, F. Todd Taylor, Robert Green, Lawrence J. Hogan, North Branch Correctional Institution ("NBCI"), Division of Correction, Inmate Grievance Office, and Department of Public Safety and Correctional Services ("DPSCS")[1] filed a Motion to Dismiss, or in the Alternative, for Summary Judgment. ECF 14. Mills was advised of his opportunity to respond to the dispositive motion and the risks of failing to do so. ECF 16. To date, Mills has not filed a response in opposition. To that end, on August 5, 2024, all Defendants filed a Motion to Dismiss alleging that the matter should be dismissed pursuant to Federal Rule of Civil Procedure 41(b) "for want of

---

[1] The Clerk shall amend the docket to reflect the full and correct names of Defendants. Additionally, Mills' Complaint against "Office of the Governor" may not proceed as the Office of the Governor is not a "person amenable to suit under 42 U.S.C. 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 63 (1989).

prosecution." ECF 18. No hearing is necessary to determine the matters pending. *See* Local Rule

105.6 (D. Md. 2023). For the reasons stated below, Defendants' dispositive Motion at ECF 14 is

granted and the motion at ECF 18 is denied as Moot.[2]

## I.      BACKGROUND

### A.    Mills' Allegations

In Mills' Complaint, ECF 1, signed September 11, 2022, he alleges that he suffers from

severe mental illness. *Id.* at 10–14. He explains that he was prescribed Haloperidol (Haldol) to

treat his illnesses. *Id.* at 18. Side effects of this medication include blurred vision, shakes or

tremors, headache, deep sedation, muscle spasms, seizures, confusion, muscle rigidity, drowsiness,

and dizziness. *Id.* at 18–21. Due to the side effects of this medication, Mills claims he needs more

shower time because he cannot complete his shower in the allotted time due to delays attributable

to the side effects noted above. *Id.* at 21. The lack of adequate shower time deprives Mills of

basic hygiene, *id.* at 44, and adversely impacted his sleep and mental health, *id.* at 53–54, 25. He

states that the issue regarding shower time "went on from 2008 to 2019." *Id.* at 21.

---

[2] Defendants also filed a Motion for Appropriate Relief (ECF 17), wherein they address
correspondence Mills sent to the Court regarding his access to legal welfare commissary and argue
that the Court may dismiss Mills' Complaint under 28 U.S.C. § 1915; may reconsider its prior
grant of pauper status; and may otherwise limit Mills' filings. The Court finds that Mills had
access to writing materials given both his access to legal commissary and the numerous
submissions Mills made to this Court during the relevant time period.

As to Defendants' request to dismiss or otherwise limit Mills' filings, given Mills' mental
health issues, his pro se status, and exercising the Court's discretion, the Motion for Appropriate
Relief is denied. The Court appreciates Defendants' efforts to aid judicial economy, and the
summarization of Mills' litigation history. It appears that given the resolution of some cases
recently filed by Mills, he may be subject in the future to the filing restrictions of 28 U.S.C. §
1915(g). *See, e.g.*, Civil Action Nos. SAG-22-3304 and TDC-22-1640 each dismissing Mills'
complaints for failure to state a claim.

Mills states that Defendant Roderick is the acting warden of NBCI when the Warden is away. ECF 1, at 22. The Warden, Division of Correction Commissioners, and Inmate Grievance Office dismissed Mills' administrative grievance regarding the issue of his shower time. *Id.* at 22–23. Mills claims that the dismissal of his grievance exacerbated his mental health symptoms. *Id.* at 25.

Mills asserts that the issue regarding his shower time violates his rights under the Eighth Amendment, ECF 1, at 27–32, 66–72, Fourteenth Amendment, *id.* at 104, Rehabilitation Act, *id.* at 73–88, and ADA, *id.* at 80–84. He asserts that Defendants have failed to accommodate his mental health disability and the side effects of his medication by providing him additional shower time. *Id.* at 73–88. Mills states that "the Warden was the responsible official in charge of the prison and was fully advised of the problem of shower time abuse. . . ." *Id.* at 33. Mills claims that "the Defendants participated directly in the alleged constitutional violation by not giving the plaintiff more shower time for his drug's side effects." ECF 1, at 90. He claims that Defendants were notified of the issue by "a report or appeal" and did not remedy the problem. *Id.* at 91. He alleges that "Defendants created a policy or custom under which unconstitutional practices occurred so the denial of shower time because of the medication on the plaintiff of side effects." *Id.* He contends that Defendants created a policy or custom that resulted in the refusal of more shower time. *Id.* at 92. He also claims that Defendants were "grossly negligent in supervising subordinates." *Id.* He states that Defendants are responsible for the policy that requires the same shower time for all prisoners. *Id.* at 97.

### B. Defendants' Response

Defendants filed a motion seeking dismissal of the Complaint or, in the alternative, summary judgment. ECF 14-1. Defendants explain that the complaint should be dismissed: (1)

because it is barred by the statute of limitations and the doctrine of laches; (2) Defendants are entitled to Eleventh Amendment immunity; (3) Defendants are entitled to qualified immunity; (4) Mills failed to exhaust administrative remedies; (5) Mills has failed to state a claim; and (6) all Defendants are entitled to summary judgment.[3]

In support of their Motion, Defendants submitted institutional administrative remedy complaint ("ARP") records, ECF 14-3; Commissioner of Correction ARP appeal records, ECF 14-4; Inmate Grievance Office records, ECF 14-5; and pertinent portions of Mills' medical records, ECF 15.[4]

The record evidence demonstrates that Mills filed an ARP on September 6, 2019 (ARP-NBCI-1844-19), complaining that he needed more time to shower due to the side effects of his prescribed medication, Haldol. ECF 14-3. The ARP was investigated and it was determined that Mills was not on any medication that would require that he receive more than the fifteen-minute allotted shower time. *Id.* at 2. As such, the ARP was dismissed. *Id.* Mills appealed this decision to the Commissioner of Correction, who dismissed the appeal on October 3, 2019 after finding that there was no evidence to substantiate Mills' claim that it was medically necessary that he

---

[3] Because Defendants are otherwise entitled to summary judgment and because of the ongoing nature of the alleged violation, the Court need not and therefore does not address Defendants' argument that the Complaint is time barred.. The Court also does not address Defendants' argument that they are entitled to qualified immunity.

As to the affirmative defense that Mills failed to exhaust his administrative remedies, the evidence before the Court demonstrates that Mills filed an ARP and appealed its dismissal to the Commissioner and to the Inmate Grievance Office, which is all that is required. Inmates housed at an institution operated by DPSCS may avail themselves of the administrative grievance process designed for inmate complaint resolution. *See generally* Md. Code Ann., Corr. Servs. §§ 10-201 et seq. (2008 Repl. Vol.); Md. Code Regs. 12.07.01.01B(1) (defining ARP).

[4] Defendants moved to seal Mills' medical records. ECF 13. The Motion, unopposed by Mills, is GRANTED.

4

receive additional shower time. ECF 14-4, at 2. Mills filed an appeal of that dismissal with the Inmate Grievance Office on November 1, 2019. ECF 14-5, at 1 ¶ 2; *id.* at 9. Mills was directed to provide "missing paperwork or [an] explanation" related to his claim. *Id.* at 1 ¶¶ 3–4. He did not do so. *Id.* ¶ 3. The IGO independently investigated whether Mills had a medical order or an accommodation for additional shower time, but the Office of Inmate Health/Clinical Services confirmed that he did not have such an Order. *Id.*; ECF 14-5, at 5–8. It was also confirmed that Mills had been noncompliant with his prescription for Haldol since October 2019. ECF 14-5, at 6. The appeal was dismissed as without merit. *Id.* at 1 ¶ 4.

According to Defendants, and without opposition from Mills, there is no evidence in Mills' medical records that he required additional shower time. ECF 15-1.

## II.     STANDARD OF REVIEW

Defendants argue that the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), or that summary judgment should be granted in their favor pursuant to Fed. R. Civ. P. 56. Defendants' motions are styled as a motion to dismiss under Fed. R. Civ. P. 12(b)(6) or, in the alternative, for summary judgment under Fed. R. Civ. P. 56. Motions styled in this manner implicate a court's discretion under Rule 12(d) of the Federal Rules of Civil Procedure. *See Kensington Vol. Fire Dep't, Inc. v. Montgomery County*, 788 F. Supp. 2d 431, 436–37 (D. Md. 2011). Conversion of a motion to dismiss to one for summary judgment under Rule 12(d) is permissible where plaintiff has "actual notice" that the motion may be disposed of as one for summary judgment. *See Laughlin v. Metropolitan Wash. Airports Auth.*, 149 F.3d 253, 260–61 (4th Cir. 1998). When a movant expressly captions its motion to dismiss or "in the alternative" as one for summary judgment and submits matters outside the pleadings for the court's consideration,

the parties are deemed to be on notice that conversion under Rule 12(d) may occur as the court "does not have an obligation to notify parties of the obvious." *Laughlin*, 149 F.3d at 261.

Because Defendants filed their motions as a motion to dismiss, or in the alternative, for summary judgment, Mills was on notice that the Court could treat the motions as seeking summary judgment. Accordingly, the Court will review Mills' claims against Defendants under the Rule 56(a) standard and will consider the exhibits filed in support of the dispositive motion at ECF 14.

Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The relevant inquiry is "whether the evidence presents a sufficient disagreement to require submission to a [trier of fact] or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986).

"Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine factual dispute exists." *Progressive Am. Ins. Co. v. Jireh House, Inc.*, 603 F. Supp. 3d 369, 373 (E.D. Va. 2022) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–86 (1986). "A dispute is genuine if 'a reasonable jury could return a verdict for the nonmoving party.'" *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012)). "A fact is material if it 'might affect the outcome of the suit under the governing law.'" *Id.* (quoting *Anderson*, 477 U.S. at 248). Accordingly, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment . . . ." *Anderson*, 477 U.S. at 247–48 (emphasis in original).

The Court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor, *Tolan v. Cotton*, 572 U.S. 650, 657 (2014) (per curiam); *Scott v. Harris*, 550 U.S. 372, 378 (2007), and the Court "may not make credibility determinations or weigh the evidence," *Progressive Am. Ins. Co.*, 603 F. Supp. 3d at 373 (citing *Holland v. Wash. Homes, Inc.*, 487 F.3d 208, 213 (4th Cir. 2007)). For this reason, summary judgment ordinarily is inappropriate when there is conflicting evidence because it is the function of the factfinder to resolve factual disputes, including matters of witness credibility. *See Black & Decker Corp. v. United States*, 436 F.3d 431, 442 (4th Cir. 2006); *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644–45 (4th Cir. 2002).

At the same time, the Court must "prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 2003)). "The existence of a mere scintilla of evidence in support of the nonmoving party as well as conclusory allegations or denials, without more, are insufficient to withstand a summary judgment motion." *Progressive Am. Ins. Co.*, 603 F. Supp. 3d at 373 (citing *Tom v. Hospitality Ventures LLC*, 980 F.3d 1027, 1037 (4th Cir. 2020)).

The Court is mindful, however, that Mills is a self-represented litigant. A federal court must liberally construe pleadings filed by pro se litigants to allow them to fully develop potentially meritorious cases. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But liberal construction does not mean a court can ignore a clear failure in the pleadings to allege facts which set forth a claim. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). A court cannot assume the existence of a genuine issue of material fact where none exists. Fed. R. Civ. P. 56(c).

7

## III.    DISCUSSION

### A.   Personal participation

Mills alleges that the Warden, unidentified Commissioners of the Division of Correction, and unidentified employees of the Inmate Grievance Office wrongly dismissed his grievance. However, it is well settled that liability under § 1983 attaches only upon personal participation by a defendant in the constitutional violation. *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001). Mere review of inmate grievances is insufficient to state a claim because, in short, the denial of a grievance does not alone give rise to liability. *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (noting the allegation that warden "rubber stamped" grievances was not enough to establish personal participation) (citing *Whitington v. Ortiz*, 307 F. App'x 179, 193 (10th Cir. 2009)); *Whitington*, 307 F. App'x at 193 ("[D]enial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations.")

To the extent Mills seeks to hold Defendants liable solely because of their supervisory roles, those claims also cannot proceed. The doctrine of respondeat superior[5] does not apply in § 1983 claims. *See Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004) (disclaiming respondeat superior liability under § 1983). Liability of supervisory officials "is not based on ordinary principles of respondeat superior, but rather is premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001) (quoting *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984)).

---

[5] *Respondeat superior* is a legal doctrine that provides an employer is liable in certain instances for the wrongful acts of an employee. *See Black's Law Dictionary* (8th ed. 2004).

Ultimately, to establish supervisory liability under § 1983, the plaintiff must show that: (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994).

Such evidence is lacking in this case. Mills claims against the supervisory defendants are wholly conclusory and divorced from any factual allegations in his Complaint. Plaintiff must allege facts that, if proven, would establish such liability. Mills has failed to plead such facts as he points to no action (or inaction) on the part of supervisory defendants that resulted in a constitutional injury.

Mills alleges that there is a "policy" regarding showers that caused him harm, but he provides no evidence in support of that allegation. A claim for an alleged violation of constitutional rights may be premised on an allegation that a policy or practice has caused the injury alleged. *See Monell v. Dep't of Social Servs. of N.Y.*, 436 U.S. 658, 691–92 (1978); *see also Simons v. Montgomery Cnty. Police Officers*, 762 F.2d 30, 33 (4th Cir. 1985). To sustain such a claim, however, a plaintiff must establish (1) the existence of a constitutional violation, *see Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (holding that jury's finding that a police officer inflicted no constitutional injury on the plaintiff removed any basis for municipal liability against city and members of police commission), and (2) any constitutional violations were proximately caused by a policy, custom, or practice of the defendants, *see Monell*, 436 U.S. at 691.

9

Mills' generalized assertions that there is a policy that results in disabled inmates being denied access to longer showers is unsupported by the evidence. Indeed, it appears from the record that while there may be a general fifteen (15) minute limit to showers at his facility, this time limitation can be extended if necessary. ECF 14-5, at 8. Mills fails to identify this policy but, in any event, fails explain the basis for the assertion that it violates the law. Regardless, there is no constitutional violation here and Mills has not demonstrated that he had a medical necessity for a longer shower. Defendants are entitled to summary judgment.

### B. Eleventh Amendment Immunity

Mills raises constitutional claims against state employees as well as against state agencies NBCI, Division of Correction, Inmate Grievance Office, and DPSCS. Under the Eleventh Amendment of the United States Constitution, a state, its agencies, and its departments are immune from citizen suits in federal court absent state consent (or Congressional action). *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Claims against *state* employees acting in their official capacities are also subject to Eleventh Amendment immunity because a suit against the state actor is tantamount to a suit against the state itself. *See Brandon v. Holt*, 469 U.S. 464, 471–72 (1985). "Although the State of Maryland has waived its sovereign immunity for certain types of cases brought in state courts, . . . it has not waived its immunity under the Eleventh Amendment to suit in federal court." *Pevia v. Hogan*, 443 F. Supp. 3d 612, 632 (D. Md. 2020). Accordingly, Mills' constitutional claims against the individually named Defendants in their official capacities, as well as his constitutional claims asserted against NBCI, Division of Correction, Inmate Grievance Office, and DPSCS are subject to dismissal.

## C. Injunctive Relief

Mills also seeks injunctive relief.[6] A party seeking a preliminary injunction or temporary restraining order must establish the following elements: (1) a likelihood of success on the merits; (2) a likelihood of suffering irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the party's favor; and (4) why the injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Failure to establish one of these elements is fatal to the request for injunctive relief. For the reasons discussed below, Mills has failed to demonstrate the likelihood of success on the merits. Therefore, his request for injunctive relief must be denied.

## D. ADA and the Rehabilitation Act

Mills alleges that his rights under the ADA and the Rehabilitation Act were violated when he was denied the ability to take longer showers. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794(a). These statutes generally are construed to impose the same requirements due to the similarity of their language. *Baird ex rel. Baird v. Rose*, 192 F.3d 462, 468 (4th Cir. 1999).

---

[6] This relief is not barred by the Eleventh Amendment. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989) (noting that "a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'") (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985)).

To establish a violation of Title II of the ADA or the Rehabilitation Act, plaintiffs must show that: (1) they have a disability; (2) they were either excluded from participation in or denied the benefits of a public entity's services, programs, or activities for which they were otherwise qualified; and (3) the exclusion, denial of benefits, or discrimination was by reason of the disability. *See Nat'l Fed'n of the Blind v. Lamone*, 813 F.3d 494, 502–03 (4th Cir. 2016). "Discrimination" barred by Title II includes "a failure to make reasonable modifications" that are "necessary" to provide a disabled individual with "full and equal enjoyment" of the facility's services. *Halpern v. Wake Forest Univ. Health Scis.*, 669 F.3d 454, 461 (4th Cir. 2012). Title II of the ADA applies to state prisons. *See Penn. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210 (1998) (stating that "[s]tate prisons fall squarely within the statutory definition of 'public entity . . . .'").

Mills' claim fails for two reasons. First, because the ADA and the Rehabilitation Act apply solely to public entities, Mills' claims under these statutes cannot proceed against the individually named Defendants. *See* 42 U.S.C. § 12131(1) (stating that "[t]he term 'public entity' means . . . any State or local government [or] any department, agency, special purpose district, or other instrumentality of a State or States or local government"); *Baird*, 192 F.3d at 471 (upholding the dismissal of ADA claims against individuals because Title II recognizes a cause of action only against public entities, not private individuals); *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002) (joining the Fifth, Eighth, and Eleventh Circuits in holding that "a plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA or section 504 of the Rehabilitation Act").

Second, the allegations in the Complaint provide no basis to conclude that the failure to arrange for Mills to receive longer showers was because of a disability or represented a failure to provide a reasonable accommodation. Even assuming that Mills' mental health condition qualifies

12

as a disability under these statutes, he has not alleged facts that would support a conclusion that any of the named Defendants had any intent to discriminate based on that disability. Nor does the record before the Court demonstrate that his mental health condition and/or the prescription of Haldol required that he be provided longer showers. In fact, the record demonstrates that Mills did not have a medical requirement for longer showers and therefore the record supports the finding that none of the named Defendants, or any other correctional employees, were required to provide a reasonable accommodation but did not do so.

Because the individually named Defendants are not proper defendants for the ADA or Rehabilitation claims, and the record evidence does not support Mills' contention that he required an accommodation of longer showers, the Court will grant the Motion for Summary Judgment as to the ADA and Rehabilitation Act claims as to all Defendants.

### E. Eighth Amendment

Mills also alleges that the denial of longer showers violated his Eighth Amendment rights because it exacerbated his mental illness. Defendants argue that Mills has not alleged sufficient facts to support a claim that any of the named Defendants violated his rights under the Eighth Amendment. The Court agrees with Defendants.

The Eighth Amendment "protects inmates from inhumane treatment and conditions while imprisoned." *Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008) (quoting *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996)). Conditions of confinement that "involve wanton and unnecessary infliction of pain," or which "deprive inmates of the minimal civilized measure of life's necessities," may amount to cruel and unusual punishment. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). However, conditions that are merely restrictive or even harsh "are part of the penalty that criminal offenders pay for their offenses against society." *Id.* In order to establish the

13

imposition of cruel and unusual punishment in conditions of confinement, a prisoner must prove two elements: that "'the deprivation of [a] basic human need was objectively sufficiently serious,' and that subjectively 'the officials act[ed] with a sufficiently culpable state of mind.'" *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (citation omitted). "These requirements spring from the text of the amendment itself; absent intentionality, a condition imposed on an inmate cannot properly be called 'punishment,' and absent severity, such punishment cannot be called 'cruel and unusual.'" *Iko*, 535 F.3d at 238 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298–300 (1991)).

The objective prong of a conditions of confinement claim requires the prisoner to "'produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions,' or demonstrate a substantial risk of such serious harm resulting from the prisoner's unwilling exposure to the challenged conditions." *Shakka*, 71 F.3d at 166 (quoting *Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir. 1993)). Thus, "a condition of confinement that is sure or very likely to cause serious illness and needless suffering the next week or month or year" violates the Eighth Amendment, even if "the complaining inmate shows no serious current symptoms." *Helling v. McKinney*, 509 U.S. 25, 33–34 (1993); *Webb v. Deboo*, 423 F. App'x 299, 300 (4th Cir. 2011). To establish a sufficiently culpable state of mind, there must be evidence of deliberate indifference in that a known excessive risk of harm to the inmate's health or safety was disregarded. *See Wilson v. Seiter*, 501 U.S. 294, 302–03 (1991) (applying the deliberate indifference standard to conditions of confinement claims). "[T]he test is whether the guards know the plaintiff inmate faces a serious danger to his safety and they could avert the danger easily yet they fail to do so." *Brown v. N.C. Dep't of Corr.*, 612 F.3d 720, 723 (4th Cir. 2010) (quoting *Case v. Ahitow*, 301 F.3d 605, 607 (7th Cir. 2002)).

A review of Mills' allegations establishes that he has not provided a sufficient basis to support his Eighth Amendment claim as to any of the named Defendants. There is no allegation that any of the named Defendants were subjectively and deliberately indifferent to Mills' needs in relation to his request for longer showers. Mills fails to demonstrate that any of the named Defendants were aware that he was mentally ill, that his prescribed medication had the side effects indicated, nor does he demonstrate that any of the named Defendants were aware or should have been aware that his inability to take a longer shower would create a substantial risk of serious harm. Without such knowledge Defendants could not have drawn the inference that Mills was subjected to a risk of harm. Further, other than denying Mills' ARP, he fails to allege any facts demonstrating personal knowledge or participation of any of the named Defendants in denying him access to longer showers. Lastly, as noted, there is no evidence that Mills' desire for longer showers was medically necessary. As such, Defendants are entitled to summary judgment.

### F. Equal Protection

Mills' equal protection claim under the Fourteenth Amendment is dismissed for failure to state a claim. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action does not satisfy Rule 8's basic pleading requirements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

The Equal Protection Clause generally requires the government to treat similarly situated people alike. *Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985). "[T]o state a claim for violation of the [Equal Protection] Clause, a plaintiff must plausibly allege first 'that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination.'" *Fauconier v. Clarke*, 966 F. 3d 265, 277 (4th Cir. 2020) (quoting *Martin v. Duffy*, 858 F. 3d 239, 252 (4th Cir.2017))

15

Mills states his rights were violated under the Fourteenth Amendment when he was subjected to the general policy regarding showers. However, he does not provide facts to support his claim. He does not allege that there were similarly situated inmates who were treated more favorably. Nor does he provide any facts alleging that Defendants' conduct was the result of intentional or purposeful discrimination. Because the limited details Mills provides "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not 'show[n]'—'that [Mills] is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). As such, Mills' Fourteenth Amendment claim must be dismissed.

## IV.   CONCLUSION

For the foregoing reasons, Defendants' Motion to Seal, ECF 13, is granted; Motion to Dismiss, or for Summary Judgment, ECF 14, is granted; Motion for Other Relief, ECF 17, is denied; and Defendants' Motion to Dismiss for Failure to Prosecute, ECF 18, is denied as moot. Judgment will be entered in favor of Defendants Richard Roderick, O. Wayne Hill, Frank Bishop, Sandra Holmes, F. Todd Taylor, Robert Green, Lawrence J. Hogan, NBCI, Division of Correction, Inmate Grievance Office, and DPSCS. The Complaint is dismissed as to Office of the Governor.

A separate Order follows.

Dated: <u>8/5/2024</u>

_____/s/_____

Brendan A. Hurson
United States District Judge

16